UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ADAMS (272794),

               Petitioner,            Civil Action No.
                                               2:20-CV-12888

v.                                    HON. MARK A. GOLDSMITH
                                               UNITED STATES DISTRICT JUDGE

JOHN CHRISTIANSEN,

               Respondent.
_____/

**OPINION & ORDER
(1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
(Dkt. 1), (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 3),
(3) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND
(4) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Ronald Adams, currently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). In his petition, Adams challenges his convictions following a Monroe County Circuit Court bench trial for possession with intent to deliver less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv); maintaining a drug house, Mich. Comp. Laws § 333.7405(1)(d); and possession of marijuana, Mich. Comp. Laws § 333.7403(2)(d); as well as his sentence of four to forty years' incarceration. For the reasons stated below, the Court summarily dismisses the petition and denies Petitioner's motion for appointment of counsel (Dkt. 3).

## I. BACKGROUND

The Michigan Court of Appeals summarized Petitioner's case as follows:

> Defendant's convictions arise from the discovery of marijuana and cocaine residue during a search of a house on Eastchester Street in Monroe. The search was conducted pursuant to a search warrant. The day before the search the police had the house under surveillance and observed a vehicle arrive at the house, saw the driver enter the house, leave after a couple minutes, and drive away. The police followed the vehicle and performed a traffic stop during which they found cocaine. The driver reported that he had purchased the cocaine from defendant at the Eastchester house. His information was used to obtain the warrant.
>
> When the police executed the search warrant the next day, they had to forcibly enter the house. Upon entering, officers saw defendant running toward a bathroom and then flush the toilet before the officers could get to him. Defendant was the only occupant of the home at the time of the search. Inside the bathroom where defendant was found, the police found a glass plate, glass bowl, a razor with cocaine residue, a pair of gloves, and a box of sandwich baggies with some of the corners cut. A baggie of marijuana was found inside defendant's pants pocket. During a search of the premises, officers found two more baggies of marijuana and a container or bowl with cocaine residue on it. In addition, they discovered a ledger with dates and dollar amounts owed, digital scales, additional baggies with the corners cut, and a press with white powder residue. Defendant's cell phone contained numerous text messages that were consistent with the sale of drugs from the home.

People v. Adams, No. 339920, 2019 WL 573073, at *1 (Mich. Ct. App. Feb. 12, 2019), leave denied, 931 N.W.2d 330 (2019). The state court's factual findings are presumed correct on habeas review. 28 U.S.C. § 2254(e)(1); Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009).

Following a bench trial, Petitioner was convicted of possession with intent to deliver less than 50 grams of cocaine, maintaining a drug house, and possession of marijuana. Adams, 2019 WL 573073, at *1. He was sentenced as a controlled substance second offender, Mich. Comp. Laws § 333.7413(2), to concurrent terms of incarceration of four to forty years for the possession with intent to deliver conviction, two to four years for maintaining a drug house, and a one-year jail term for possession of marijuana. Id.

In his direct appeal by right, Petitioner raised the following claims: (i) the search warrant was deficient and the evidence seized should have been suppressed; (ii) the evidence supporting his convictions for possession with intent to deliver cocaine and maintaining a drug house was insufficient; and (iii) Offense Variable 19 of the Michigan sentencing guidelines was erroneously scored at ten points. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence. Id. On July 29, 2019, the Michigan Supreme Court denied Petitioner leave to appeal the lower court's judgment in a standard form order. People v. Adams, 931 N.W.2d 330 (Mich. 2019).

In his timely application for a writ of habeas corpus, Petitioner raises two grounds for relief:

I. There was insufficient evidence to sustain Petitioner's convictions, as Petitioner is actually innocent of the crimes of which he was convicted.

II. Offense Variable 19 was erroneously scored, causing Petitioner to be sentenced under inaccurate information in violation of his due process rights.

## II. ANALYSIS

### A. Legal standard

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. See Perez v. Hemingway, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition, or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. See Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit indicated long ago that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District

Court first has made a careful examination of the petition." Allen v. Perini, 424 F.3d 134, 140 (6th Cir. 1970). A district court, therefore, has the duty to screen out any habeas corpus petition that lacks merit on its face. Id. at 141. No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response by the state. Id.

After undertaking the review required by Rule 4, the Court concludes, for reasons stated in greater detail below, that Petitioner's claim does not entitle him to habeas relief, and that the petition must be summarily denied. See McIntosh v. Booker, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### B. Insufficiency of the evidence

Petitioner claims that insufficient evidence supports his convictions of possession of cocaine with intent to deliver and maintaining a drug house. He argues the "residue" amount of cocaine supports finding possession for personal use only, and that the observation of a single drug transaction does not demonstrate the necessary continuity for maintaining a drug house. The Michigan Court of Appeals disagreed. It opined that "[a]lthough the police did not find a larger quantity of cocaine, the evidence supported an inference that quantities of cocaine were being sold from the home." Adams, 2019 WL 573073, at *6. Among other evidence, the court cited the baggies, digital scales, and a ledger book found at the house in locations linked to Petitioner, and testimony about the cocaine sale to the informant the day before the raid. Id. at *6–7. Much of the same evidence supported finding Petitioner maintained a drug house, as did his "almost daily" presence there and the "pattern of visitors . . . consistent with drug trafficking[.]" Id. at *7.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with

which he is charged." In Re Winship, 397 U.S. 358, 364 (1970). But the critical inquiry on a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (citation omitted, emphasis in the original).

As with other constitutional claims such as ineffective assistance of counsel, see, e.g., Abby v. Howe, 742 F.3d 221, 226 (6th Cir. 2014), insufficient evidence claims raised on habeas "are subject to two layers of judicial deference." Coleman v. Johnson, 566 U.S. 650, 651 (2012). First, "a reviewing court on direct appeal may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Id. (punctuation modified, citation omitted). Second, on habeas review, a federal court may only "overturn a state court decision rejecting a sufficiency of the evidence challenge . . . if the state court decision was objectively unreasonable." Id. (punctuation modified, citation omitted).

As a result, for a federal habeas court reviewing a state court conviction, "the only question under Jackson is whether that finding was so insupportable as to fall below the threshold of bare rationality." Id. at 656. A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under AEDPA." Id.

Here, the Michigan Court of Appeals' decision was not unreasonable, because it identified and reviewed the evidence which supported each element of the two convictions Petitioner challenges. See Adams, 2019 WL 573073, at *6–7. Its analysis demonstrated that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Jackson, 443 U.S. at 319, as the trial court did at the end of Petitioner's bench trial. The evidence cited by the court of appeals corresponds to the factual recitation, with citations to the record, that Petitioner

5

presents in his brief in support of his petition. See Pet. at PageID.16–19, 30–36 (Dkt. 1). Whatever gaps Petitioner has identified in direct evidence could easily have been filled by reasonable inferences drawn from the evidence Petitioner concedes was presented by the prosecution. He has failed to argue persuasively that no rational factfinder could have found the elements of his crimes to be satisfied, much less that the court of appeals was unreasonable in reaching that conclusion. Therefore, his insufficiency of the evidence claim must be denied.

### C. Sentencing guideline variable challenge

The sentencing court scored ten points against Petitioner on Offense Variable (OV) 19, for interference with the administration of justice. Petitioner argues that because the basis for the court's score is unknown, his case should be remanded for re-sentencing so the court may explain its reasoning. The state court of appeals upheld the score, noting that the factual findings at trial—specifically, Petitioner running to the bathroom and flushing the toilet when the search warrant was executed—provided the preponderance of evidence necessary to support imposing ten points for this variable. Adams, 2019 WL 573073, at *8.

In general, "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," and federal habeas relief is not available for errors of state law. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam). More specifically, "[e]rrors in the application of state sentencing guidelines . . . cannot independently support habeas relief." Kissner v. Palmer, 826 F. 3d 898, 904 (6th Cir. 2016). A claim that the state trial court incorrectly scored, calculated, or applied state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. Paris v. Rivard, 105 F. Supp. 3d 701, 724 (E.D. Mich. 2015).

A sentence may violate due process if it is based upon "material 'misinformation of constitutional magnitude.'" Koras v. Robinson, 123 F. App'x 207, 213 (6th Cir. 2005) (quoting Roberts v. United States, 445 U.S. 552, 556 (1980)). To prevail on such a claim, a petitioner must show (i) that the information before the sentencing court was materially false, and (ii) that the court relied on the false information in imposing the sentence. Koras, 123 F. App'x at 213.

Petitioner does make that showing. He does not argue that his sentence violated any federal or constitutional protections, nor does he cite any basis to find it was based on "material misinformation," id., just that the court's basis for scoring OV 19 is unknown. Pet. at PageID.37–38 (Dkt. 1).

The habeas petitioner bears the burden of demonstrating his entitlement to habeas relief. Cullen v. Pinholster, 563 U.S. 170, 181 (2011). The claim Petitioner has presented is not cognizable on habeas review, Paris, 105 F. Supp. 3d at 724, and he has not met his burden of demonstrating his sentence was unconstitutional. He is not entitled to habeas relief on this issue.

**D. Motion for Appointment of Counsel**

Petitioner alleges in his motion for appointment of counsel that he is unable to retain an attorney, that his issues are complex and beyond his grasp, and that with an attorney, he has a reasonable chance of succeeding. Mot. at PageID.68–69 (Dkt. 3). "[T]here is no constitutional right to counsel in habeas proceedings." Post v. Bradshaw, 422 F.3d 419, 425 (6th Cir. 2005). The decision to appoint counsel for a federal habeas petitioner is discretionary and appointment is appropriate only when the interests of justice or due process so require. Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986).

"Habeas corpus is an extraordinary remedy for unusual cases[.]" Thirkield v. Pitcher, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). As a result, the appointment of counsel is required "only

7

'if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" Id.; see also Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003) (stating that courts should consider "the type of case and the ability of the plaintiff to represent himself" in determining whether to appoint counsel in civil matters). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required; if not, appointment is discretionary. Lemeshko v. Wrona, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).

Here, Petitioner has ably represented himself in his habeas petition and accompanying brief. His habeas claims, which are not complex, have been presented in a clear and logical manner with references to case law, including the correct habeas standards, and citations to the record. See, e.g., Pet. at PageID.33. However, even with counsel, Petitioner could not prevail on his claims. Nor is Petitioner entitled to an evidentiary hearing, because no additional fact-finding is necessary nor were the state court's factual determinations unreasonable. Stermer v. Warren, 959 F.3d 704, 721 (6th Cir. 2020). For those reasons, neither the interests of justice nor due process require the appointment of counsel. The motion is denied.

**E. Certificate of appealability and in forma pauperis status on appeal**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529

U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336–337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis ("IFP") is lower than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, his challenge to the sufficiency of the evidence against him is not frivolous; therefore, an appeal on that issue could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id.

### III. CONCLUSION

Accordingly, Petitioner's application for a writ of habeas corpus is dismissed with prejudice. Petitioner's motion for appointment of counsel (Dkt. 3) is denied. A certificate of appealability is denied, but Petitioner may proceed in forma pauperis on appeal.

SO ORDERED.

Dated: April 29, 2021  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2021.

s/Karri Sandusky  
Case Manager